UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK,

       Plaintiff,

v.

JOSEPH NEPH,

       Defendant.
_____/

Case No. 07-13006

Paul V. Gadola
U.S. District Judge

Michael Hluchaniuk
U.S. Magistrate Judge

## ORDER ON PLAINTIFF'S RULE 56(f) MOTION

**I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

In this case, plaintiff brought a complaint, pursuant to 42 U.S.C. § 1983, against defendant, an Oakland County Sheriff's Department deputy, alleging that he falsified evidence and lied under oath and, as a result, criminal charges were brought against plaintiff for uttering and publishing. (Dkt. 1). Plaintiff claims that the charges were dismissed after evidence was produced that defendant gave false testimony and other evidence. *Id.* Plaintiff seeks damages for defendant's violation of his civil rights, given that he was held in jail between his arrest and the dismissal of the charges. *Id.*

According to defendant, plaintiff is now in the custody of the Michigan Department of Corrections after pleading no contest of charges of receiving stolen

1

property, fleeing from police, possession of controlled substance, and uttering and publishing, which appear to be charges/convictions arising from the same or similar circumstances. (Dkt. 21). Defendant filed a motion for summary judgment on June 9, 2008. (Dkt. 21). In his motion for summary judgment, among other things, defendant claims that some of the evidence he claimed to have at the "swear-to" hearing (the fingerprint card obtained by the bank of the person who cashed the stolen check and the bank surveillance tape) had been inadvertently destroyed by the bank, and that some of his testimony from the Walker hearing was "incorrect" regarding "certain facts." According to defendant, when these issues were "cleared up" at the preliminary examination hearing, the judge dismissed the charges. (Dkt. 21).

On June 18, 2008, this Court ordered plaintiff to file a response to defendant's motion for summary judgment by July 14, 2008. (Dkt. 22). On June 30, 2008, plaintiff moved for relief under Rule 56(f), claiming that, in order to respond to all the issues raised in defendant's motion for summary judgment, he needs to conduct discovery on a third-party. (Dkt. 23). Specifically, plaintiff asserts that defendant's claim that the fingerprint and surveillance tape evidence had been "inadvertently destroyed" has never been raised by defendant and that plaintiff was unaware of this claim until defendant filed the motion for summary

judgment. *Id*. Thus, plaintiff seeks relief under Rule 56(f) to conduct discovery on the bank regarding this issue in order to respond to the motion for summary judgment. *Id*. The discovery deadline passed on May 9, 2008, before defendant filed his dispositive motion.

The Court ordered defendant to respond to plaintiff's motion, which defendant did on July 11, 2008. (Dkt. 24, 26). Defendant offered evidence suggesting that plaintiff's claimed basis for the Rule 56(f) motion is bogus. Specifically, defendant submitted the transcript from plaintiff's preliminary examination hearing where his counsel questioned the bank witnesses on this very issue. (Dkt. 26; Ex. 1).

## II. DISCUSSION

### A. Standard of Review

In considering a Rule 56(f) affidavit filed in response to a motion for summary judgment, the Court considers whether the "party invoking Rule 56(f) protections [has done] so in good faith by affirmatively demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir. 1998) (citations omitted). Here, plaintiff only pointed to one aspect of defendant's motion for summary

judgment as providing a basis to postpone judgment under Rule 56(f), and did not address the remaining arguments raised by defendant. Under these circumstances, the Court, while denying plaintiff's request for relief under Rule 56(f), will give plaintiff an opportunity to file a response to defendant's motion for summary judgment, given that he is proceeding in this matter *pro se*.

The Sixth Circuit generally applies the abuse of discretion standard to the district court's decision to deny discovery whether such request was made on a motion or by a Rule 56(f) affidavit. *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196-1197 (6th Cir. 1995). It is not an abuse of discretion for the district court to deny the discovery request when the party "makes only general and conclusory statements [in its affidavit] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered." *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999). "Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000); *see also, Gettings v. Bldg. Laborers Local 310 Fringe Ben. Fund*, 349 F.3d 300, 305 (6th Cir. 2003).

B. <u>Plaintiff Has Not Satisfied the Requirements of Rule 56(f)</u>.

Plaintiff states that he needs additional time to conduct discovery on this issue and to locate any copies of the check and fingerprint evidence that might still be in existence. (Dkt. 23, p. 2). Notably, plaintiff claims to have already served a subpoena on the bank. He asserts, however, that he still needs time to conduct discovery on his former counsel, the prosecutor, and from AFIS. Discovery was already extended once at plaintiff's request, and over defendant's objection that plaintiff had been dilatory. (Dkt. 17, 18, 19). The proof that plaintiff was well aware of the destruction issue, given that the bank witnesses were examined on this issue by plaintiff's counsel, in plaintiff's presence, is seemingly conclusive. Thus, plaintiff has not satisfactorily explained why he did not attempt to discover whatever information and evidence is or was available, relating to the destruction issue, before defendant filed his motion for summary judgment. *See, Cacevic, supra*.

Based on the foregoing, plaintiff's motion for relief under Rule 56(f) is **DENIED** and plaintiff is ordered to file a response to defendant's motion for summary judgment by **September 21, 2008**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not thereafter assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: August 28, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>August 28, 2008</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>William G. Pierson</u>.  I also hereby certify that I have mailed, by United States Postal Service, the foregoing paper to the following non-ECF participant: <u>Daniel Horacek, # 218347, 951 Indianwood Road, Lake Orion, MI 48362</u>.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov