UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK,

                Plaintiff,

                              CIVIL CASE NO. 07-13006

v.

                              HONORABLE STEPHEN J. MURPHY, III

JOSEPH NEPH,

                Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### BACKGROUND

Before the Court is the defendant's motion for summary judgment, filed on June 9, 2008. The matter was referred to Magistrate Judge Michael Hluchaniuk, who issued a Report and Recommendation recommending that the Court grant the motion for summary judgment and dismiss the plaintiff's claims.

The Court has conducted a de novo review of the motion, response, reply, and underlying evidentiary record in this case. For the below reasons, the Court grants the defendant's motion for summary judgment and dismisses the plaintiff's claims.

In his complaint, the plaintiff alleges that the defendant, an Oakland County Sheriff's Department deputy, falsified evidence and lied under oath, resulting in charges being brought against the plaintiff for uttering and publishing. The plaintiff alleges that the charges were later dismissed after evidence revealed that the defendant gave false testimony. The plaintiff then brought this suit, claiming violations of 42 U.S.C. § 1983 and of state law.

### LEGAL STANDARD

The defendant has filed a motion for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The nonmoving party, however, must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990), aff'd, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

Here, the defendant has filed a motion for summary judgment. Accordingly, the Court views the facts and resulting inferences in the light most favorable to the nonmoving plaintiff.

ANALYSIS

The plaintiff's claims for false arrest, false imprisonment, and malicious prosecution under both 42 U.S.C. § 1983 and state law rest on the existence of probable cause. *See Frantz v. Village of Bradford*, 245 F.3d 869, 873 (6th Cir. 2001); *Blase v. Appicelli*, 489 N.W.2d 129, 131 (Mich. App. 1992). In his Report and Recommendation, the magistrate judge correctly concluded that there was sufficient probable cause to support an arrest warrant based on the evidence including, among other things, the theft of a laptop computer and check books from the plaintiff's former place of work and finding the stolen goods in the plaintiff's car . The plaintiff argues in opposition that the defendant gave false testimony at the "swear-to" hearing, and that this may negate a finding of probable cause. The Court finds that the magistrate judge correctly determined that the plaintiff's allegations of false evidence have no factual foundation and that the defendant's statements, though perhaps inaccurate or misstated, were not knowingly false or misleading. Consequently, the plaintiff has failed to show that the defendant's allegations at the hearing negated probable cause. The defendant is entitled to summary judgment on the plaintiff's false arrest, false imprisonment, and malicious prosecutions claims.

The plaintiff's claim for abuse of process should similarly be dismissed. Under both the Sixth Circuit law in *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 676-677 (6th Cir. 2005) and Michigan state law, the plaintiff fails to articulate an ulterior motive or evidence in support of such motive, as the magistrate judge correctly concluded. The defendant is entitled to summary judgment on this claim of abuse of process.

The plaintiff's Fourth Amendment Due Process claim must also fail. Taking the evidence in the light most favorable to the plaintiff, the plaintiff has failed to show that the

defendant's actions were rose to such a level as to "shock the conscience." *See Draw v. City of Lincoln Park*, 491 F.3d 550, 555 (6th Cir.2007). The plaintiff has not demonstrated that the defendant provided false testimony in order to have the plaintiff arrested on less than probable cause, or that the defendant intended to cause any other harm to the plaintiff. The defendant is entitled to summary judgment on the plaintiff's due process claim.

The plaintiff has failed to establish a claim of retaliation against his First Amendment rights. As the magistrate judge correctly noted, the plaintiff's protected conduct, namely an earlier lawsuit, occurred two years before the plaintiff's arrest and did not involve the defendant. In addition, the plaintiff has not set out any corroborating evidence besides conclusory allegations. Consequently, the plaintiff's First Amendment retaliation claim should be dismissed.

The plaintiff's final claim of intentional infliction of emotional distress has not been established also. The plaintiff has failed to present evidence supporting the allegation that the defendant engaged in "extreme and outrageous" conduct, sufficient to withstand a summary judgment challenge. *See Sperle v. Michigan Dep't. of Corrections*, 297 F.3d 483, 496 (6th Cir. 2002).

In conclusion, even when considering the facts in the light most favorable to the nonmoving plaintiff, the defendant is entitled to summary judgment on all of the plaintiff's claims as a matter of law. Furthermore, the Court also finds that the reasoning and conclusions of the magistrate judge were correct in determining that the defendant is entitled to qualified immunity and to governmental immunity under Michigan law.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the magistrate judge's Report and

Recommendation [docket entry #46] is **ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment [docket entry #21] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: March 27, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 27, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager